IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL L. JANSEN,<br><br>    Defendant. | Case No. 3:20-CR-30067-NJR-1 |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Now before the Court is Defendant Paul L. Jansen's *pro se* Motion for Sentence Reduction. (Doc. 94). Jansen seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.").

Under Part B of Amendment 821, offenders with zero criminal history points and whose offense did not involve certain aggregating factors shall receive a two-level decrease in their offense level. U.S.S.G. § 4C1.1. One of the aggravating factors identified in the revised guideline is that the offense of conviction is a "sex offense." U.S.S.G. § 4C1.1(a)(5). Section 4C1.1(b)(2) defines "sex offense" as an offense perpetuated against a minor under specific statutes, including those under 18 U.S.C. Chapter 117.

As provided in Administrative Order 362, the Court directed the Federal Public Defender to enter its appearance to determine whether Jansen may be eligible for relief. (Doc. 95). Federal Public Defender Kim C. Freter entered her appearance and subsequently filed a Motion to Withdraw, asserting that Jansen's motion lacks merit. (Doc. 98). Jansen did not respond to the Motion to Withdraw, and the 30-day window to do so has expired.

Here, as reflected in the presentence investigation report, Jansen had one criminal history point for a total criminal history score of one. (Doc. 58). As Jansen is not a zero-point offender, he is ineligible for a reduction under Part B of Amendment 821.[1] Moreover, Jansen pleaded guilty to one count of enticement of a minor and one count of attempted enticement of a minor under 18 U.S.C. § 2422(b). (Doc. 62). Those offenses fall under 18 U.S.C. Chapter 117, and, thus, are "sex offenses" as defined by § 4C1.1(b)(2). Because Jansen was sentenced for a sex offense, the Court finds that he is ineligible for a sentence reduction under Part B of Amendment 821 for this reason as well.

For these reasons, the *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the U.S.S.G. filed by Defendant Paul L. Jansen (Doc. 94) is **DENIED**. The Motion to Withdraw filed by Federal Public Defender Kim C. Freter (Doc. 98) is **GRANTED**.

IT IS SO ORDERED.

DATED: March 6, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Notably, Jansen did not receive any "status points," so he is also not eligible for any reduction under Part A of Amendment 821. (Doc. 58).